UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MONIQUE BRYAN,** | |
| Plaintiff, | |
| v. | CIV. NO. 12-1722(PG) |
| **WAL-MART PUERTO RICO, INC,** | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Monique M. Bryan-Toledo (hereinafter "Plaintiff" or "Bryan"), an alleged resident of the state of Arizona, filed the above-captioned diversity suit for damages against defendant Wal-Mart Puerto Rico, Inc. (hereinafter "Defendant" or "Wal-Mart"). See Docket No. 1. The Plaintiff alleges that, on or about December 24, 2008, she "slipped and fell due to a water puddle," Docket No. 1 at ¶ 13, inside the Wal-Mart store located in Carolina, Puerto Rico. The Plaintiff claims that other than being given some forms to fill out by a Wal-Mart employee, she was not offered any assistance. See id. at ¶¶ 14, 17. According to the Plaintiff, she suffered "contusions to her head, neck, left ankle, right knee; post-traumatic pain in right and left knee, neck and right ankle," id. at ¶ 22, in addition to "great pain, inconvenience, embarrassment, and mental anguish," id. at ¶ 23. Bryan also claims she "[w]as deprived of ordinary pleasures of life, loss of well being," id., among other things.

On December 22, 2009, Bryan sent a demand letter to Wal-Mart and, subsequently, received a phone call from Claims Management, Inc. ("CMI") responding to her letter and requesting all the information pertaining to her accident. Id. at ¶ 24. According to the complaint, counsel for the Plaintiff maintained telephone communications throughout the following months with CMI, which at all times allegedly represented that it was engaged in good faith efforts to reach a settlement in representation of Wal-Mart. Id. at ¶ 27. However, on September 14, 2011, CMI rejected the Plaintiff's settlement proposal, id. at ¶ 27, and thus, on September 4, 2012, the Plaintiff filed the above-captioned claim requesting $1,000,000.00 in damages.

Before the court now is the Defendants' Motion for Summary Judgment (Docket No. 17-19), as well as the Plaintiff's Memorandum in Opposition to

Time Barred Defense (Docket No. 14) and her Opposition to the Motion for
Summary Judgment (Dockets No. 21-23). After a close examination of all the
evidence on record and a careful review of the applicable case law, the Court
**GRANTS** the Defendant's motion for summary judgment for the reasons explained
below.

## I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment is governed by Rule 56(c) of the Federal
Rules of Civil Procedure, which allows disposition of a case if "the
pleadings, depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no genuine issue as
to any material fact and that the moving party is entitled to a judgment as
a matter of law." See Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st
Cir.2000). A factual dispute is "genuine" if it could be resolved in favor of
either party, and "material" if it potentially affects the outcome of the
case. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st
Cir.2004).

To be successful in its attempt, the moving party must demonstrate the
absence of a genuine issue as to any outcome-determinative fact in the record,
see DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir.1997), through definite
and competent evidence. See Maldonado-Denis v. Castillo Rodriguez, 23 F.3d
576, 581 (1st Cir.1994). Once the movant has averred that there is an absence
of evidence to support the non-moving party's case, the burden shifts to the
non-movant to establish the existence of at least one fact in issue that is
both genuine and material. See Garside v. Osco Drug, Inc., 895 F.2d 46, 48
(1st Cir.1990) (citations omitted). If the non-movant generates uncertainty
as to the true state of any material fact, the movant's efforts should be
deemed unavailing. See Suarez v. Pueblo Int'l, 229 F.3d 49, 53 (1st Cir.2000).
Nonetheless, the mere existence of "some alleged factual dispute between the
parties will not affect an otherwise properly supported motion for summary
judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).
However, "summary judgment may be appropriate if the nonmoving party rests
merely upon conclusory allegations, improbable inferences, and unsupported
speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st
Cir.1990).

At the summary judgment juncture, the Court must examine the facts in the
light most favorable to the non-movant, indulging that party with all possible
inferences to be derived from the facts. See Rochester Ford Sales, Inc. v.

<u>Ford Motor Co.</u>, 287 F.3d 32, 38 (1st Cir.2002). The Court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 135 (2000). This is so, because credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. <u>Id.</u>

## II. FACTUAL FINDINGS

The Court found the following facts were undisputed and relevant to the matter at hand:

1.  Wal-Mart admits that the Plaintiff reported suffering an accident at the store on December 24, 2008.

2.  The CMI notes are a computerized record of the incidences and communications related to the investigation of the incidents involving Wal-Mart Puerto Rico clients, which are handled by CMI case managers.

3.  The incidences and communications related to the Plaintiff's incident on December 24, 2008 were entered into the computerized program by the different case managers that attended the matter.

4.  The Defendant received an extrajudicial claim letter from the Plaintiff's attorney, Wilma Reverón, dated December 22nd, 2009.

5.  CMI sent a letter to atty. Reverón acknowledging receipt of the claim letter.

6.  On December 28, 2009, Nereyda Serrano from CMI responded to the Plaintiff's claim letter and requested all the information regarding Plaintiff's accident in order to evaluate the claim.

7.  On August 17, 2010, CMI received the medical records from the Plaintiff.

8.  On October 14, 2010, CMI called and spoke to atty. Reverón regarding Plaintiff's medical records.

9.  On October 30, 2010, CMI received letter from Plaintiff's counsel enclosing medical records.

10. On June 16, 2011, CMI called atty. Reverón and spoke to her.

11. On September 15, 2011, atty. Reverón sent CMI an email with a settlement proposal.

12. Communications between CMI and Plaintiff's attorney continued until April 5, 2012, when a CMI employee called Plaintiff's attorney to inform her that the statute of limitations had run.

### III. DISCUSSION

**A. Damages Claim under Article 1802**

Article 1802 of Puerto Rico's Civil Code imposes liability upon a person for an "act or omission" that "causes damages to another through fault or negligence." P.R. LAWS ANN. tit. 31, § 5141. In order to prevail in a general tort claim under Puerto Rico law, a party must establish the following elements: "(1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission (the breach of duty element), and (3) a sufficient causal nexus between the injury and defendant's act or omission (in other words, proximate cause)." Vazquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir.2007)(citing Torres v. KMart Corp., 233 F.Supp.2d 273, 277-78 (D.P.R.2002)). The statute of limitations for tort actions pursuant to Article 1802 is one year. P.R. LAWS ANN. tit. 31, § 5298; see Arturet Velez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 12 (1st Cir. 2005). The one-year period begins to run once "the claimant is on notice of her claim; that is, notice of the injury, plus notice of the person who caused it." Id. at 14. (internal quotations omitted); see also Rodriguez-Suris v. Montesinos, 123 F.3d 10, 13 (1st Cir.1997). This one-year term may be tolled either via: (1) judicial proceedings, (2) extra-judicial claims, and (3) acknowledgment of the debt by the person liable. See P.R. LAWS ANN. tit. 31, § 5303. "[T]olling acts must be interpreted restrictively against the party invoking their protection." Rodriguez Narvaez v. Nazario, 895 F.2d 38, 45 (1st Cir.1990).

In its motion for summary judgment, Wal-Mart asserts that Bryan's claim is time-barred. Although the Defendant admits that the Plaintiff reported an accident in one of its stores on December 24th, 2008 and tolled the statute of limitations by means of an extrajudicial claim dated December 22nd, 2009, Wal-Mart now argues that the Plaintiff did not again toll the statute of limitations prior to its expiration on December 22nd, 2010. See Docket No. 18. Citing a case from the Puerto Rico Court of Appeals, the Plaintiff argues that said court held, under an almost identical set of facts as here, that once the statute of limitations is properly tolled, the same remains "frozen" and starts running anew once the interrupting act is finalized. See Docket No. 21 at page 6. In Fernandez Cortada v. Wal-Mart Puerto Rico, Inc., No. KLCE0100832, 2002 WL 736208 (TCA Jan. 31, 2002), the Puerto Rico Court of Appeals held that after the plaintiff tolled the one-year statute of limitations by means of an extrajudicial claim, the limitations period

remained frozen until Wal-Mart and CMI concluded their investigation of the plaintiff's claims and made a settlement offer. Id. at *4. Bryan now contends that, much like in Fernandez Cortada, the letter she sent the Defendant on December 22, 2009 tolled and froze the statute of limitations, which started to run anew only after settlement negotiations were over between Plaintiff's attorney and CMI on April of 2012, over two years after it was originally tolled. See Docket No. 21. The court disagrees with the Plaintiff.

"Once the period of limitations is interrupted through any of the methods available under the laws of Puerto Rico and the tolling ends, the statute of limitations begins to run anew." Stein v. Sands Hotel & Casino, 810 F.Supp. 354, 355-56 (D.P.R.1992) (citing Rodriguez Narvaez, 895 F.2d at 43; Díaz de Diana v. A.J.A.S. Ins. Co., 110 P.R. Dec. 471, 475-76, 10 Official Translations 602, 607-08 (1980)). *The Supreme Court of Puerto Rico has consistently so decided.* See CSMPR v. Carlo Marrero, 182 P.R. Dec. 411, 428 (2011) (citing Díaz de Diana v. A.J.A.S. Ins. Co., 110 P.R. Dec. 471, 474 (1980)). Therefore, we hereby find that the one-year statute of limitations began to run anew on December 22, 2009 and had to be tolled prior to December 22, 2010 for the Plaintiff's claim to not be time-barred. This court must thus determine whether or not the one-year prescription period was effectively tolled prior to said date.

It does not stem from the facts of this case that the Plaintiff once again interrupted the statute of limitations by means of an extrajudicial claim after December 22, 2009. However, the Plaintiff argues that it was tolled thereafter by the Defendant's acknowledgment of the debt. See Dockets No. 14, 22. In support of her contention, the Plaintiff relies on the exchange of information that took place during the time when CMI was investigating the claim. The Plaintiff also makes reference to the language contained in the file CMI opened as a result of the Plaintiff's accident, wherein the incident is described as a "loss," see Docket No. 14 at page 6, and CMI recommends a reserve be set aside, see id. at pages 7-8. According to the Plaintiff, it follows from the CMI notes that CMI recognized a duty on the part of Wal-Mart to compensate the Plaintiff. See id. at page 9. In response, the Defendant asserts that CMI's settlement conversations with the Plaintiff's attorney did not constitute an acknowledgment of the debt, and thus, did not toll the statute of limitations. See Docket No. 18.

"An "act of acknowledgement of the debt by the debtor" is "any valid act which actually implies the [debtor's] absolute conformity with the right of

the creditor.'" <u>Rodriguez-Narvaez</u>, 895 F.2d at 44 (<u>quoting</u> <u>Widow of Carlo v.</u>
<u>Toro</u>, 99 P.R.R. 196, 207 (1970)).

> The act must communicate the debtor's specific
> intention of acknowledging the survival of another
> person's right; it must be spontaneous, unequivocal and
> clear; and it can never be deduced from acts or conduct
> from which only indirect inferences can be made as to
> the debtor's acknowledgment [sic] of the effectiveness
> of the creditor's right.

<u>Rodriguez-Narvaez</u>, 895 F.2d at 44 (<u>quoting</u> <u>Díaz de Diana</u>, 110 P.R. Dec. at
482)).

The uncontested facts before the court show that between December 22,
2009 and December 22, 2010, CMI and attorney Reverón spoke on the phone
regarding Plaintiff's medical records, which attorney for the Plaintiff sent
to CMI in October of 2010. The next exchange or contact between CMI and
Plaintiff's attorney is not until June of 2011, when CMI requested a
settlement proposal from the Plaintiff. The Plaintiff, however, has failed to
set forth evidence of a spontaneous, unequivocal and clear act on the part of
CMI or Wal-Mart, whereby either communicates to the Plaintiff an
acknowledgment of her alleged right to be indemnified by the Defendant for the
damages she allegedly suffered. The CMI notes the Plaintiff makes reference
to are internal annotations the CMI case managers entered into the company's
computerized program, and the Defendant's specific intention to acknowledge
the survival of the Plaintiff's right simply cannot be inferred therefrom.

Moreover, "[c]ontrary to Plaintiff's argument, the settlement
negotiations between the parties did not constitute an act of acknowledgment
of the debt." <u>Valentin-Vega v. Allstate Ins. Co.</u>, No. 10-1073(GAG), 2011 WL
1843156, *4 (D.P.R. May 16, 2011) (<u>quoting</u> <u>Díaz de Diana</u>, 110 P.R. Dec. 471,
10 Official Translations 602 (1980) ("Efforts made and conversations had
between the parties regarding a possible settlement, cannot be regarded as
acknowledgment of a debt.")). <u>See also</u> <u>Rodriguez-Narvaez</u>, 895 F.2d at 44-46
(holding pursuant to Puerto Rico's tolling rules that communications between
parties did not toll limitations period because letters sent by the plaintiff
did not contain claim for damages or legal demand). "Consequently, we can not
find tolling significance in [the parties'] settlement negotiations … ." <u>Id.</u>
at 45 n. 12.

In fact, in a similar case before this court where a hotel guest sued the
hotel and its insurers after an accident sustained in her hotel room, this
court held that some letters sent by the co-defendants to the plaintiff asking

to be informed about her theory of liability and to be forwarded certain documentation, as well as requesting that the plaintiff submit a settlement demand, were not an acknowledgment of debt that would warrant a tolling of the statute of limitations. See Stein v. Sands Hotel & Casino, 810 F.Supp. 354, 358-59 (D.P.R.1992). The court concluded that:

> Plaintiffs argument that these letters constitute an act of acknowledgment of a debt is contradicted by relevant caselaw. First, a defendant's communication regarding a possible settlement do [sic] not constitute an act of acknowledgment of a debt. … Second, these letter [sic] do not express a [sic] unequivocal and clear recognition of plaintiff's rights. They contain nothing more than requests for information and perfunctory gestures hinting at the possibility of settlement. Thus, neither Sands, nor any other defendant in this action made an act of acknowledgment of a debt that would justify tolling the statute of limitations.

Id. (internal citations omitted).

Therefore, because Plaintiff's communications with CMI subsequent to her letter of December 22nd, 2009 did not constitute extrajudicial claims, and the Defendant nor CMI ever acknowledged a debt owed to her, the statute of limitations was not tolled. The court thus finds that the one-year prescription period expired prior to Plaintiff's filing of her complaint, and thus, the instant action is time-barred.

## IV. CONCLUSION

For the reasons stated above, this Court hereby **GRANTS** the Defendant's motion for summary judgment (Dockets No. 17-19). Final judgment dismissing the Plaintiff's claims with prejudice shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 26, 2013.

S/ JUAN M. PEREZ-GIMENEZ
JUAN M. PEREZ-GIMENEZ
U.S. DISTRICT JUDGE